UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA



**Randolph Jack Solo**

    **Plaintiff,**

v.                                       **Case No.**   3:25-cv-00452

**The City of Flagstaff, Arizona**

    **Defendant.**

JURY DEMAND? YES

## COMPLAINT

28 U.S.C. § 1332

Negligence, False Imprisonment, Malicious Prosecution, Assault

Plaintiff seeks $25,150,650.00 in relief.

1. **Jurisdiction**. Plaintiff (Randolph Jack Solo, residing in Huntington, West Virginia and receiving mail at General Delivery, Huntington, WV 25701) is suing Defendant (The City of Flagstaff, Arizona, an incorporated municipality, whose mailing address for service of process is: Stacy Saltzburg, City Clerk, City of Flagstaff City Clerk's Office, 211 W. Aspen Ave., Flagstaff, AZ 86001) for the torts of Negligence, False Imprisonment, Malicious Prosecution, and Assault under Diversity of Citizenship rules [28 U.S.C. § 1332]. The amount in question is more than $75,000.00.

2. **Venue**. I (Plaintiff) have resided in Charleston, West Virginia since about November 20, 2024 (with intent to remain) and the majority of resulting harm (events) giving rise to the

claim of Emotional Distress—psychological harm whose symptoms took some time to manifest (a form of post-traumatic stress)—began and continue to occur while residing in Charleston, West Virginia (and later Huntington, West Virginia) due to actions, inactions, and omissions of Defendant. I was forced to leave the State of Arizona due to fear for my life, because I was being "hunted" by the Flagstaff Police Department and other agents of the City of Flagstaff, Arizona (Defendant). I further believe that if I return to Arizona (e.g., to conduct a civil trial), my life would again be in danger. I currently reside in Huntington, West Virginia and intend to make Huntington, West Virginia my permanent home. Furthermore, I believe that it would be impossible to get an unbiased (fair) jury anywhere in Arizona. I am homeless and of limited financial means.

3. Plaintiff demands a Jury Trial.
4. On or about January 10, 2025, while living in Charleston, West Virginia (about two months after moving from Arizona), I (Plaintiff) began to have terrifying nightmares—I repeatedly dream of being held prisoner in a Nazi concentration camp where other prisoners repeatedly attack and sexually hold me down and rape me. It has been like this almost every night since. I cannot sleep and I often wake up covered in sweat. Drinking alcohol helps to calm my nerves some, but I seldom drink because it makes me sick. When I was in Prison (i.e., Coconino County Jail), they (the Sheriffs, whom I call "Nazis") put me in Solitary Confinement to punish me—even though I had fully complied with all their rules (i.e., just to terrify and torment me). The other inmates were always threatening me and I feared for my life while I was imprisoned in Flagstaff. In the end, the case was dismissed (at trial)—I have committed no crime, but I may be

2

permanently disabled because of my confinement in the Coconino County Jail at the order of The City of Flagstaff, Arizona (Defendant). This horrible experience has left me very damaged. Nightmares, depression, difficulty concentrating, difficulty sleeping, and generalized anxiety continue to plague me to the current day.

5. On June 1, 2024 (Saturday), I was handed a Ticket (Original Complaint; Plaintiff Exhibit 1) by Officer K. Johnson (The Incompetent Cop) of the Flagstaff, Arizona Police Department for Camping on Public Land (F.C.C. 1-1-22B).

6. **ERROR #1**: The Ticket (Original Complaint) was heavily flawed and said that this was a Civil (i.e., Non-Criminal) offense and that (on the back) Failure to Appear on June 14, 2024 in Traffic Court of The Municipal Court of Flagstaff would result in a Default Judgment.

7. **ERROR #2**: However, on June 14, 2024, when I did not appear in court, an ARREST WARRANT was eventually issued, even though the Original Complaint did not mention any crime at all (indicating a civil INFRACTION which cannot lead to an arrest warrant for Failure To Appear).

8. On or about September 13, 2024, I was booked into the Coconino County Jail in Flagstaff, AZ for RULE 3.1 FTA (Failure To Appear) without any explanation.

9. **ERROR #3**: On or about September 18, 2024, there was an Arraignment (Pro Se) [CASE NUMBER CM2024001226] in Municipal Court, where I entered a NOT Guilty Plea for Failure to Appear (still with no explanation); I want to point out that there was NO ARRAIGNMENT on the charge of Camping On Public Land (F.C.C. 6-1-1-22B) at that time (nor at any other time) in violation of The Rules of Criminal Procedure.

10. **ERROR #4**: On the Original Complaint, the City Prosecutor's Office (The Unethical Lawyers) wrote my old address in Oregon in an attempt to send me a Summons (before a warrant was actually issued). The City Prosecutor's Office knew (i.e., was aware) that the original Complaint was FLAWED but decided to prosecute me anyway for Failure to Appear.

11. It was only during the Pretrial Conference (please refer to court audio recording) on or about October 11, 2024, that the City Prosecutor told me that they were NOT charging me with Failure To Appear (a Class 2 Misdemeanor, Max 4 months in Jail) but instead with Camping On Public Land (a Class 3 Misdemeanor, Max 30 days in Jail).

12. On November 5, 2024 (Tuesday, Presidential Election Day) at 3PM The Trial began (please refer to court audio recording). I was representing myself (Pro Se). At the very beginning, I made sure that the only charge was Camping On Public Land (F.C.C. 6-1-1-22B, a Class 3 Misdemeanor).

13. **ERROR #5**: During the Trial I made several attempts at a Motion to Dismiss because there was NO ARRAIGNMENT on the charge of Camping On Public Land (F.C.C. 6-1-1-22B) and that the City Prosecutor had violated the Rules of Criminal Procedure. Judge Speed (The Hanging Judge) denied these motions repeatedly (even though the Case Law says this is an error).

14. **ERROR #6**: I made a Motion to Dismiss because the Original Complaint was FLAWED and indicated a Civil Infraction and NOT a crime, but Judge Speed also denied this motion (contrary to case law). The Prosecutor then (in the middle of trial) amended the Complaint to indicate that a CRIME had been committed. I muttered the word "Now?"

(because I did not know they could change the complaint DURING a trial) and Judge Speed screamed at me: What did you call me? He said. This judge (Judge Speed of the Municipal Court in Flagstaff, Arizona) was hostile toward me during the entire trial and then he has the nerve to tell me, at the end, that he is "not the adversary" (see audio recording). After the Police Officer (K. Johnson) gave his testimony and all questioning was finished I made a Motion to Dismiss because The State had failed to prove necessary elements of the No Camping Law (F.C.C. 6-1-1-22B)—and this motion was finally granted and the case was dismissed.

15. **ERROR #7**: After Judge Speed realized that I had won the case, he (Judge Speed) screamed at me (scolding me) for what seemed like twenty minutes about how I should keep my mouth shut (please refer to court audio recording)—and then, Judge Speed (who is, by Law, supposed to be an IMPARTIAL referee in the trial) tries to convince The Prosecutor to amend the Complaint (after the Trial is nearly over) to charge me instead with the CRIME of Littering, which The Prosecutor declined. "You are free to go" says Judge Speed, after dismissing the case.

16. **ERROR #8**: I falsely imprisoned for 40 days—this is 10 days longer than the maximum penalty for a Class 3 Misdemeanor—convincing me that the City Prosecutor had a total disregard for The Rules of Criminal Procedure and that they had a desire to Win at Any Cost. This added to my fear and anxiety.

17. **ERROR #9**: By Law, The Prosecutor must disclose all evidence within 10 days following Arraignment—but NO Discovery information was given to me until The Pretrial Conference (21 days after arraignment).

18. **ERROR #10**: During the Trial, The Prosecutor tried to introduce a Map showing land parcels. I objected that this was NOT disclosed during The Discovery Process as required by law, and made a motion to Suppress Evidence—which was denied by Judge Speed.

19. I claim that The City of Flagstaff (Defendant) has committed the torts of Negligence, False Imprisonment, Malicious Prosecution, and Assault that have left me greatly damaged. This damage continues to the present day. I suffer from horrible nightmares, cannot sleep often, cannot concentrate often (which interferes with my ability to work full-time and even to seek for work effectively), feel depressed and anxious often—all of this a direct and indirect result of actions, inactions, or omissions of Defendant.

20. Flagstaff Police were constantly "hunting" me. As soon as I moved my camp to another location, after being chased away by police, they would arrive again (within hours or days). Police were using Helicopters with infrared heat-seeking and targeting equipment to locate and track people on the ground. Clearly Flagstaff, Arizona had made homelessness itself an illegal activity. This behavior was intentional, and made me fear imminent arrest (without reason or with fabricated reason). Flagstaff Police repeatedly lied about the law and chased me away with the intent to intimidate and frighten me. Also, Flagstaff Police repeatedly threatened to take away all my equipment—equipment I needed for my very survival—without any reason. This is the Tort of Assault.

21. The City Prosecutor's Office wrote a note on the original complaint (i.e., the ticket that Flagstaff Police handed me) with an old Oregon address (see Plaintiff Exhibit 1). I believe that the City Prosecutor's Office (trained lawyers) saw the original complaint and knew it was faulty but decided to pursue a warrant for my arrest and to prosecute me for

failure to appear, without any legal basis. This added to my fear and anxiety. Also, Judge Speed, an agent of The City of Flagstaff (Defendant), during trial was urging the Prosecutor to charge me with an additional crime of littering because there was no evidence for the crime I was being tried for. This is the tort of Malicious Prosecution.

22. I was kept in jail for more than the maximum time period for the offense that I was being held (camping on public land). This is the tort of False Imprisonment.

23. The original complaint (i.e., ticket), filled out by Flagstaff Police, and handed to me was terribly flawed. It called this a civil matter, not a criminal case. It was this negligent behavior that started the "ball rolling" and was the first domino that resulted in harm to me (Plaintiff). This is the tort of Negligence.

## RELIEF

24. I ask The Court to award me (Plaintiff) **total monetary relief of $25,150,650.00** (twenty five million one hundred and fifty thousand six hundred and fifty dollars) for damages caused by actions, inactions, and/or omissions of The City of Flagstaff (Defendant)—comprised of $150,000.00 for Pain and Suffering (for the time period from June 1, 2024 through about November 19, 2024) while I was in Arizona (subject to intense chaining, humiliation, physical pain, handcuffing, etc.) plus $25,000,000.00 (twenty five million dollars) for Emotional Distress including almost daily nightmares, depression and anxiety (for the time period from about November 20, 2024 to the present day while living in West Virginia) plus $150 for Out-Of-Pocket Expenses plus $500 for Court Fees.

I certify that all these statements are true.

_____   7/17/2025

Randolph Jack Solo, Plaintiff (Pro Se)   Date
General Delivery
Huntington, WV 25701
rsolo007@proton.me



State of West Virginia, County of Cabell
The foregoing instrument was acknowledged before me this 17 day of JULY, 20 25.
by RANDOLPH JACK SOLO
_____, Notary Public
My Commission Expires 10/18/28

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Jessica Ferguson
Cabell County Library
455 9th Street
Huntington, WV 25701
My Commission Expires October 18, 2028

Attachments:
Plaintiff Exhibit 1