IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RANDOLPH JACK SOLO,

       **Plaintiff,**

v.                                **Case No.: 3:25-cv-00452**

THE CITY OF FLAGSTAFF, ARIZONA,

       **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Plaintiff's Motion to Serve Summons and Complaint by Mail, (ECF No. 12); Defendant's Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 14); Plaintiff's Response and Motion to Move This Case to the District of Arizona, (ECF No. 18); and Plaintiff's Motion to Change Venue from Southern District of West Virginia to District of Arizona, (ECF No. 19). The matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the undersigned **FINDS** that this Court lacks personal jurisdiction over the Defendant and that venue is improper in this District. The undersigned further **FINDS** that transfer to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1406(a) is appropriate in the interests of justice. Accordingly, the undersigned respectfully **RECOMMENDS** that the District

1

Court **DENY** Defendant's Motion to Dismiss, (ECF No. 14), to the extent it seeks outright dismissal of this action; **GRANT** Plaintiff's motions to transfer venue, (ECF Nos. 18, 19); **DENY AS MOOT** Plaintiff's Motion to Serve Summons and Complaint by Mail, (ECF No. 12); and **TRANSFER** this matter to the United States District Court for the District of Arizona.

## I.     Relevant History

Plaintiff initiated this action on July 17, 2025, by filing a Complaint with a jury demand and paying the filing fee. (ECF No. 1). On August 29, 2025, Plaintiff filed an Amendment to Complaint, which appeared to supplement, not supersede, the original. (ECF No. 5). The Complaint arises from events that allegedly occurred in Flagstaff, Arizona. (ECF No. 1). Plaintiff alleges that he was issued a ticket for violating a municipal camping ordinance, failed to appear for a municipal court proceeding, and was later arrested pursuant to a warrant issued by the Flagstaff Municipal Court. (*Id.*). Plaintiff further contends that he was detained in the Coconino County Jail, prosecuted in municipal court proceedings in Arizona, and repeatedly required by Flagstaff police officers to move his homeless encampment. (*Id.*). In addition, Plaintiff asserts that police officers improperly completed the ticket paperwork and that prosecutors and the municipal judge acted improperly during the prosecution. (*Id.*).

Following service of the Complaint, Defendant filed the pending Motion to Dismiss and memorandum in support pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6). (ECF Nos. 14, 15). On April 6, 2026, Plaintiff filed a response opposing dismissal and requesting that the case be transferred to the District of Arizona. (ECF No. 18). On April 8, 2026, Plaintiff separately filed a Motion to Change Venue from the Southern District

of West Virginia to the District of Arizona. (ECF No. 19). Defendant filed a reply on April 13, 2026. (ECF No. 20). The motions are ripe for disposition.

## II.    Discussion

### A. Personal Jurisdiction

Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, asserting that this Court lacks personal jurisdiction over it. (ECF Nos. 14, 15). A federal district court may exercise personal jurisdiction over a nonresident defendant only if "(1) such jurisdiction is authorized by the long-arm statute of the state in which it sits and (2) application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009).

Specific jurisdiction depends upon "the relationship among the defendant, the forum, and the litigation." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020). The Court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs*, 561 F.3d at 278.

Here, the conduct giving rise to Plaintiff's claims allegedly occurred in Arizona, although Plaintiff alleges continuing emotional effects while residing in West Virginia. In the Complaint, Plaintiff alleges that he was issued a ticket for violating a municipal camping ordinance, failed to appear for a municipal court proceeding, was arrested pursuant to a warrant issued by the Flagstaff Municipal Court, detained in the Coconino County Jail, and later prosecuted in municipal court proceedings in Arizona. (ECF No. 1).

3

Plaintiff further alleges that Flagstaff police officers improperly completed the ticket paperwork, that prosecutors and the municipal judge acted improperly during the prosecution, and that police officers repeatedly required him to move his homeless encampment. (*Id.*).

Defendant argues, and Plaintiff does not meaningfully dispute, that the Complaint contains no allegations that Defendant conducted business in West Virginia, supplied services in West Virginia, committed acts in West Virginia, owned property in West Virginia, or otherwise purposefully availed itself of the privilege of conducting activities in this State. (ECF No. 15 at 5–8). Instead, the only alleged connections to West Virginia are Plaintiff's residence and his assertion that he continues to experience emotional effects there from the alleged Arizona conduct. (ECF No. 1).

That connection is insufficient. In *Walden v. Fiore*, the Supreme Court explained that "the plaintiff cannot be the only link between the defendant and the forum." 571 U.S. 277, 285 (2014). The proper focus is "the relationship among the defendant, the forum, and the litigation." *Id.* at 284. "Mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. The undersigned concludes that Plaintiff has failed to establish that Defendant has sufficient minimum contacts with West Virginia to permit the exercise of specific personal jurisdiction consistent with due process.

Accordingly, the undersigned **FINDS** that this Court lacks personal jurisdiction over Defendant.

### B. Venue

Defendant also moves to dismiss pursuant to Rule 12(b)(3), asserting that venue is improper in the Southern District of West Virginia. (ECF Nos. 14, 15). Venue is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

4

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

(3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction.

The Southern District of West Virginia satisfies none of those provisions. First, Defendant does not reside in West Virginia. (ECF No. 15 at 7). Second, no substantial events giving rise to the claims occurred in this District. The alleged citation, arrest warrant, detention, prosecution, and related municipal conduct occurred in Arizona. (ECF No. 1). Third, § 1391(b)(3) does not apply because this action plainly could have been brought in the District of Arizona. (ECF No. 15 at 8).

In evaluating venue, courts review "the entire sequence of events underlying the claim." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). Courts also look to the material acts or omissions underlying the claim, not merely to the place where a plaintiff later feels the effects of those events. *Oldham v. Pa. State Univ.*, 507 F. Supp. 3d 637, 646–47 (M.D.N.C. 2020). In this matter, the material acts and omissions alleged in the Complaint occurred in Arizona. Plaintiff's residence in West Virginia does not make venue proper in this District.

Accordingly, the undersigned **FINDS** that venue is improper in the Southern District of West Virginia.

### C. Transfer Under 28 U.S.C. § 1406(a)

Having concluded that this Court lacks personal jurisdiction over Defendant and that venue is improper in this District, the Court must determine whether dismissal or

transfer is appropriate. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case" to a district in which it could have been brought.

The Supreme Court has recognized that § 1406(a) was enacted to avoid "the injustice which had often resulted to plaintiffs from dismissal merely because they had made erroneous guess[es]" regarding venue. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). The statute authorizes transfer "however wrong the plaintiff may have been in filing his case." *Id.* at 467. The Fourth Circuit likewise construes § 1406(a) broadly, explaining that the statute authorizes transfer where there exists "any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988).

Transfer under § 1406(a) remains discretionary. Defendant argues that dismissal is appropriate because Plaintiff filed this action in West Virginia despite the lack of any connection between this District and the underlying events, failed to timely serve process, and failed to meaningfully contest Defendant's remaining dismissal arguments. (ECF No. 20 at 1–2). Defendant further notes that Plaintiff stated he filed in West Virginia because he believed "conducting a lawsuit physically in the State of Arizona could be extremely dangerous to me." (*Id.* at 2).

The Court recognizes those concerns. Plaintiff filed this action in a district lacking any meaningful connection to the underlying events. Service also was not completed within Rule 4(m)'s ninety-day period, and Plaintiff's motions seeking additional time to serve were previously denied without prejudice. (ECF Nos. 9 at 2, 20 at 2). Nevertheless,

6

Plaintiff ultimately effected service upon Defendant, which thereafter appeared and litigated this matter. (ECF No. 17).

The undersigned finds that the interests of justice favor transfer rather than outright dismissal. Plaintiff proceeds *pro se*, paid the filing fee, ultimately effected service, and expressly requested transfer to the forum where the events allegedly occurred. The District of Arizona appears to be the appropriate forum for this dispute. The alleged events occurred there, the relevant municipal actors are located there, and the remaining substantive issues include immunity under Arizona law and merits questions that are best addressed by the transferee court in the first instance. (ECF No. 15 at 2–4).

This recommendation does not resolve the merits of Plaintiff's claims, excuse untimely service, or foreclose Defendant from renewing any appropriate defenses in the transferee court. Rather, it recognizes that the jurisdictional and venue defects in this Court are impediments to adjudication here and that § 1406(a) permits transfer to the district where the action could have been brought. *See Goldlawr*, 369 U.S. at 466–67; *Porter*, 840 F.2d at 258.

Accordingly, the undersigned **FINDS** that transfer to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1406(a) is appropriate.

### III.   <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY AS MOOT** Plaintiff's Motion to Serve Summons and Complaint by Mail, (ECF No. 12);

2. **DENY** Defendant's Motion to Dismiss, (ECF No. 14), to the extent it seeks outright dismissal of this action;

3.  **GRANT** Plaintiff's Motion to Move This Case to the District of Arizona, (ECF No. 18);

4.  **GRANT** Plaintiff's Motion to Change Venue from Southern District of West Virginia to District of Arizona, (ECF No. 19);

5.  **TRANSFER** this civil action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1406(a); and

6.  **REMOVE** this matter from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by Judge Chambers for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and the undersigned.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented parties.

8

**FILED:** May 20, 2026

Joseph K. Reeder
United States Magistrate Judge

9